RichardsoN, J.,
delivered the opinion of the court:
The claimant sues for the salary of Supervising Architect in the Treasury Department for a period of five months and *513 sixteen days from December 6, 1878, to May 22, 1879, at tbe rate of $5,000 a j^ear.
Tbe Supervising Architect is an officer whose appointment by tbe Secretary of the Treasury and whose salary are provided for by the Revised Statutes, §§ 169, 235.
If the claimant held the office during the time he alleges in his petition, he is prima facie entitled to the salary established by law; and it becomes necessary to determine whether or not he did hold the office.
Mr. Hill was regularly and duly appointed by the Secretary of the Treasury Supervising Architect on the 9th of August, 1876, and still continues to hold the office under that appointment.
On the 5th of December, 1878, the Secretary gave notice to him that in view of an indictment pending against him he was directed by the President to suspend him from the execution of his official duties until after the trial. Whereupon Mr. Hill performed no official service until May 22, 1879, when he was restored to duty.
The claimant, who was employed by the Secretary of the Treasury to superintend the erection of a building in process of construction for the use of the Bureau of Engraving and Printing in Washington, at an aggregate compensation of $8 a day, was directed by the Secretary to take charge of the office and perform the duties of Supervising Architect “during the suspension of Mr. Hill from duty,” and he performed those duties during that time in addition to superintending the construction of the building.
For the whole of this time separate pay-rolls were made out monthly for the payment of wages earned in the construction of the building, upon which the claimant was allowed' $8 a day as superintendent, and he certified as such superintendent to the correctness of those rolls and receipted thereon for his pay accordingly.
In like manner monthly rolls were made out for the payment of salaries in the office of the Supervising Architect. In each of these the name of Mr. Hill was included as the Supervising-Architect and the salary of the office was therein allowed to him. Mr. Hill received the salary monthly and receipted therefor on the rolls. The claimant styled himself “Acting Super- *514 wising Architect,” and under that designation he certified each ■of said rolls to be “correct.”
Upon this state of facts we are of opinion that the claimant did not hold the office of Supervising Architect and' is not entitled to the salary attached to it. There could not be two persons holding one office at the same time. Mr. Hill was duly appointed and was never removed. His suspension was not a suspension under the tenure of office act (Bev. Stat., § 1768). That 'act applies only to civil officers appointed by and with the advice and consent of the Senate, and Mr. Hill was not ■thus appointed. It was a suspension, not from office, but from 'the execution of his official duties. Its operation was like that of a leave of absence or a furlough, by which the officer is relieved from active duty while he is permitted to still hold his office.
The Secretary did not intend to appoint the claimant to the -office of Supervising Architect. The letter to him is not in the language of an appointment. It is addressed to him as “superintendent of the construction of the new building for the -Bureau of Engraving and Printing,” and directs him merely “to take charge of the office and perform the duties of Supervising Architect during the suspension of Mr. Hill from fluty?
That such was the clear understanding of all parties at the ■time is manifest from their acts. Mr. Hill’s name continued to be borne on the pay-rolls from month to month as still in office, and his salary was regularly paid to him. Of this the Secretary must have been cognizant. The claimant not only knew it, but he assented to it and certified to its correctness.
He did not then claim the title and the full enjoyment of the office. He invariably styled himself “Acting Supervising Ar-chiteet,” a form of expression in constant use and well understood in all the executive departments of the government as designating, not an appointed incumbent, but merely a looum-tenens who is performing the duties of an office to which he does not himself claim title.
Moreover, the claimant having stood by and not only per•mitted, without objection, but approved in writing the payment •of the salary to another who claimed the office and its emolu.ments, he is now estopped from setting up a claim to it himself.
But it is argued in behalf of-the claimant, that even if he is *515 not entitled to tbe salary proper, be is entitled to a fair and reasonable compensation for tbe extra duties imposed upon bim by tbe Secretary of tbe Treasury, and not included in tbe services for wbicb be received tbe agreed payment of $8 a day. This might be so if tbe Secretary bad authority of law for tbe separate employment of another person to perform tbe duties ■of a public officer at tbe expense of tbe United States. But he has no such authority. He might have removed Mr. Hill and appointed tbe claimant in bis place, but be could not retain Mr. Hill and give bim tbe salary, and at tbe same time hire another person at tbe cost of tbe government to perforin bis duties. Public officers are only agents of tbe government. They can contract for employment at tbe cost of tbe government only in cases authorized by their principal, as laid down in tbe laws enacted by Congress.
In this case, however, we do not think that the Secretary of tbe Treasury intended to create any liability for additional payment for tbe services assigned to the claimant in connection with tbe Architect’s office, or that the claimant, at tbe time of bis employment, expected any payment beyond Ms $8 a day, wbicb be has received.
Tbe judgment of tbe court is that tbe claimant’s petition be dismissed.