THE PEOPLE *v.* RODRÍGUEZ.

Appeal from the District Court of Guayama.

No. 58.—Decided March 11, 1907.

INFORMATION—DEFECTIVE IN FORM.—Failure to state in an information before what official the witnesses upon whose testimony it is based were sworn does not constitute a fundamental defect, but merely a defect in form.

ID.—Objections as to defects in form must be made before the trial court, and cannot be raised for the first time on appeal.

JUDICIAL NOTICE—SUBSECRETARY OR ACTING SECRETARY OF DISTRICT COURT.—Subsecretaries or acting secretaries of district courts are not officials of whose appointment and official signatures the courts of Porto Rico may take judicial notice.

INFORMATION—OATH—ERROR WHICH DOES NOT PREJUDICE THE SUBSTANTIAL RIGHTS OF THE PARTIES.—An information sworn to before an acting secretary is not properly sworn to because such officer is not authorized to administer oaths or take affidavits; but where such a defect has not been alleged in the trial court it cannot be made the basis of a reversal, because it is not an error which would tend to prejudice the rights of the accused.

ID.—RAPE—SUFFICIENCY OF INFORMATION.—Where an information alleges the commission of rape by the use of force and violence against the will and without the consent of the female, such an allegation is equivalent to a statement that she offered resistance which was overcome by violence, or that she was prevented from offering resistance by threats of serious and immediate bodily harm, accompanied by the apparent ability to carry such threats into execution; in this respect the information must be deemed to be sufficient, especially if no objection is made in due time.

The facts are stated in the opinion.

*Mr. Texidor* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

The appellant in this case was convicted of rape and sentenced to eight years at hard labor in the insular penitentiary and payment of costs. From this judgment of the trial court he took an appeal to this court and filed the record here on the 27th of December, 1906. There is no bill of exceptions, nor statement of facts, nor statement of the case, to be found in the record. There is nothing in the record but the information, the minutes of the court showing the arraignment, the judgment rendered, and the notice of appeal as prescribed in section 356 of the Code of Criminal Procedure. But the appellant was representd here by counsel, who filed a brief in his behalf, discussing the only points possible to be raised in the very meagre record presented.

The attorney for the appellant assigns three grounds for reversing the judgment of the trial court; to wit:

First. That the information ought to show which it has not done, whether the witnesses were examined by the district attorney or by some other officer; or in other words the record should demonstrate that the witnesses on whose testimony the accusation was based were examined by some officer authorized by law to make such examination.

Second. That the oath made by the district attorney appears from the record to have been made before the acting secretary of the court, and·not before the secretary himself as the law requires.

Third. That the information is insufficient to charge the defendant with the crime of rape; because it does not allege that the injured female had made resistance and that such resistance was overcome by the force° or violence of the accused; nor does the information allege that she was prevented from making resistance; nor that she was threatened with great corporeal injury, and that the person who made such threat had the apparent ability to carry it into execution. And that the information could not apply to any other of the cases mentioned in article 255 of the Penal Code.

We can dispose of the first ground relied on by a citation from an opinion of this court rendered last year in a criminal case. Mr. Justice Wolf in that·opinion says:

"With respect to the first ground, namely, that the information does not state before whom the witnesses were sworn, the objection cannot be considered other than a formal defect and not a fundamental error." (*People of Porto Rico* v. *Alomar*, decided on 15th March, 1906.)

In the case at bar the record does not show that this point was made in the court below. In replying on a formal ·defect this is necessary and objection comes too late, being ·urged for the first time in this court·on appeal.

In regard to the second ground, assigned by the counsel ·for appellant, on which he seeks a reversal of the judgment, the *fiscal* of this court very properly makes the following remarks:

"More important appears to us the point that the information was not sworn to before an officer authorized by law to administer oaths. The information was sworn to before William Oppenheimer, acting secretary of the District Court of Guayama on the 16th of March, 1906."

The *fiscal* then proceeds to inform this court that the acting secretary was in fact the deputy appointed by the secretary of the district court, in accordance with law. He makes all his argument, on this point, to show that a deputy has the same powers in the administration of oaths as his principal, citing for that purpose numerous cases which sustain his proposition. But it no where affirmatively appears in the record that Oppenheimer is or was a deputy clerk, or subsecretary of the district court.

We cannot presume him to have been such, for he is not one of the officers of whose accession to office and official signatures the courts of Porto Rico are authorized to take judicial notice, under paragraph 5 of section 36 of the Law of Evidence. (Session Acts of 1905, p. 76.)

We must then inquire into the powers of acting secretaries as such, especially in regard to the administration of oaths to documents to be used on the trial in criminal cases.

The statutory provisions contained in the laws of Porto Rico in regard to the administration of oaths and the taking of affidavits are the following:

"All oaths, affidavits or affirmations, necessary or convenient or required by law, may be administered within Porto Rico and a certificate of the fact given by any judge of the Supreme Court, or by any judge of a district court, or any secretary of the said courts, or by any justice of the peace, or by any municipal judge, or by any notary public, or by any commissioner of the United States for the District of Porto Rico." (See sec. 2 of Act of 8th of March, 1904, Laws of 1904, p. 151.)

"Every court has power   *   *   *   (paragraph 7) to administer oaths in an action or proceeding pending therein, and in all other cases where it may be necessary in the exercise of its powers and duties." (See sec. 7 of Code of Civil Procedure, Laws 1904, p. 191.)

"Every judicial officer has power   *   *   *   to administer oaths to persons in a proceeding pending before him, and in all other cases where it might be necessary in the exercise of his powers and duties." (See sec. 28, par. 4 of Code of Civil Procedure, Laws of 1904, p. 196.)

The amendatory act, in the first paragraph above quoted, adds the words, "or by any commissioner of the United States for the District of Porto Rico," to the former law, and this is the only change made thereby.

There is also a statute in regard to the powers of justices of the peace, and their clerks to take affidavits, which does not touch the case under consideration.

As to the question of the functions of an acting secretary of the district court we may consult with profit the following decisions of the American courts:

"Acting executor means a person assuming to act as executor for a deceased person without being the executor legally appointed or the executor in fact (*Morse* v. *Allen's Estate*, 58 N. W., 327, 328, 99 Mich., 303)." (See Words and Phrases Judicially Defined, vol. 1, p. 127.)

" 'Clerk,' as used in Revised Statute 181, paragraph 14, providing that in the service of writs on corporations the copy shall be left with the 'clerk' unless absent from the State cannot be construed in the case of town clerk to include also the assistant clerk, which each town clerk is authorized to appoint. The assistant town clerk is not an officer of the town in any sense. He is appointed not by the town, but by the town clerk, removable at his pleasure, and the town clerk is responsible for all his acts. He is, in fact, the mere clerk or servant of the town clerk (*Town of Charleston* v. *Town of Lunenburgh*, 21 Vt., 488, 490)." (See Words and Phrases Judicially Defined, vol. 2, p. 1225.)

"The terms 'clerk' and 'secretary,' as applied to subordinate ministerial functionaries, are by popular usage synonymous terms, and are frequently used interchangeably. 'Secretary' is defined as 'a person employed to write orders, letters, dispatches, public or private papers, records, and the like—an official scribe, amanuensis, or writer.' A clerk is defined as 'one who is employed to keep records and accounts, a scribe, a penman, an accountant; as the clerk of the court' (*State* v. *Currie*, 3 N. D., 310; 315 N. W., 858)." (See Words and Phrases Judicially Defined, vol. 2, p. 1227.)

"The business and object of a deputy is to perform the duties of his principal. Taking proofs of instruments for record in his county being one of the duties of the 'clerk of the county court,' his deputy had authority to perform it." (*Ross* v. *Newman*, 26 Tex., Rpts., 135.)

It has been held by the court of claims that the word "acting" as used by a person designating himself as acting supervising architect does not designate an appointed incumbent, but merely a *locum tenens,* who is performing the duties of an office to which he does not himself claim title. (*Frazer* v. *United States,* 16 Ct. Cl., 507; cited in 1 Words and Phrases Judicially Defined, p. 128.)

Being bound to regard William Oppenheimer as merely an acting secretary, as he is styled in the record, which is properly certified by "Francisco Morales, secretary of the District Court of Guayama, Porto Rico," and attested under the seal of the said court, and taking into consideration the decisions of the courts herein referred to and quoted, and the general principles of law applicable hereto, we are driven to the conclusion that under the sections of the Statutes of Porto Rico, giving certain officers authority to administer oaths and take affidavits, the information, on which this prosecution was founded, was not properly sworn to before a competent clerk or secretary, nor duly certified by a properly authorized officer.

But there was no exception taken to this error in the court below, and the attention of the trial court was not called to any defect in the affidavit or the certificate. We do not regard this informality in the affidavit as a fundamental error. It is one of those cases in which the statute of the 30th of March, 1904, applies. (Session Acts 1904, p. 10.) Under this statute this court is prohibited from reversing a judgment of conviction for the reason that any requirement of the law has been disregarded, unless such error was calculated to injure the rights of either of the parties, and was duly excepted to in the trial court. Such an error as that committed in making the affidavit to the information before the acting secretary instead of the secretary himself, or his deputy, and the certificate to that effect being signed by such a person, not being fundamental, and not calculated in any way to injure the rights of the appellant, and not having been excepted to in

the trial court, cannot warrant us in reversing the judgment of conviction rendered in this case, and must therefore be disregarded. (*People of Porto Rico* v. *Antonio Rivera et al.,* decided on 21st November, 1905; *People of Porto Rico* v. *Arturo Aponte et al.,* decided on the 11th of November, 1905.)

The third ground assigned for appeal raises the question of the sufficiency of the information to charge the crime of rape. The information under consideration is very similar to the one presented in the case of *Pacheco* decided by the Supreme·Court of California in the year 1886, under a statute very similar to ours.

Chief Justice Quiñones and Justices Hernández, Figueras and Wolf concurred.·